FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 15, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KEITH S., | No. 1:20-CV-03111-JTR |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |
| v. | |
| ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY | |
| Defendant. | |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 18, 19. Attorney D. James Tree represents Keith S. (Plaintiff); Special Assistant United States Attorney Frederick Fripps represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for an immediate calculation of benefits pursuant to 42 U.S.C. § 405(g).

ORDER GRANTING PLAINTIFF'S MOTION . . . - 1

# JURISDICTION

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income on January 27, 2009, alleging disability since March 11, 2008, due to a back injury, fractured vertebrae, bulging disc, arthritis in his back, scoliosis, leg length discrepancy, depression, hypertension, face and ear pain, sleep problems, and fatigue. Tr. 187, 191. The claims were denied initially and upon reconsideration. Tr. 110-13, 116-21. Administrative Law Judge (ALJ) R.J. Payne held a hearing on February 7, 2011, Tr. 64-103, and issued an unfavorable decision on February 17, 2011, Tr. 38-45. The Appeals Council reviewed the decision and issued an amended unfavorable decision on July 24, 2012. Tr. 19-25. Plaintiff filed an action with this court on January 21, 2014. Tr. 648-50. On March 13, 2015, this court remanded the claim for further proceedings. Tr. 547-74.

ALJ Laura Valente held a remand hearing on November 10, 2015, Tr. 590-619, and issued an unfavorable decision on January 5, 2016, Tr. 527-40. Plaintiff filed a second civil action in this court on March 7, 2016. Tr. 1165-67. On September 25, 2017, this court remanded the claim again for further proceedings. Tr. 1168-1202.

ALJ Valente held two more remand hearings, on November 19, 2019 and April 2, 2020. Tr. 1087-1139. She issued an unfavorable decision on April 20, 2020. Tr. 1053-77. Plaintiff did not file written exceptions with the Appeals Council and the Appeals Council did not take its own review of the decision; the ALJ's April 2020 decision thus became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Tr. 1050-51. Plaintiff filed this action for judicial review on July 20, 2020. ECF No. 1.

# STATEMENT OF FACTS

Plaintiff was born in 1968 and was 40 years old as of the alleged onset date. Tr. 1075. He has a high school education and has worked in sanitation, pesticide

application, and various labor and machine operating positions. Tr. 192, 196, 1074-75.

In 2003 he was in an ATV accident that resulted in multiple spinal fractures. Tr. 288, 303, 321, 357. He had a worker's compensation claim, and eventually returned to work in sanitation in 2006. Tr. 303, 339. In March 2008 he injured his lower back while lifting something heavy at work. Tr. 81, 335, 596, 1095-96. He stopped working as he was no longer able to meet the physical demands of the job. Tr. 82-83, 604-05.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards

were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE FINDINGS

On April 20, 2020, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 1056.

At step two, the ALJ determined Plaintiff had the following severe impairment: degenerative disc disease. *Id.* The ALJ found carpal tunnel syndrome and mood disorder to be non-severe impairments. 1056-59.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 1059.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found that through December 31, 2019, he could perform light exertion level work with the following limitations:

> He can sit for 1 hour at a time, after which he needs to change position for a few minutes, for a total of six hours in an eight-hour workday with normal breaks, he can stand and/or walk for 1 hour at a time, after which he needs to change positions for a total of six hours in an eight-hour workday with normal breaks. He can occasionally bilaterally push and [pull] with the lower extremity. He can occasionally climb ramps and stairs (but never crouch, crawl, or climb ladders, ropes, and scaffolds), and he can occasionally balance, stoop, kneel, crouch, and crawl. He should avoid concentrated exposure to extreme cold and to hazards such as unprotected heights, moving mechanical parts, and heavy industrial vibration.

Tr. 1059. The ALJ further found that, as of January 1, 2020, Plaintiff had the same residual functional capacity as before, except he was limited to only four hours of standing and walking, rather than six. Tr. 1059-60.

At step four, the ALJ found Plaintiff was capable of performing his past relevant work as a crushing machine operator. 1074.

Despite making dispositive step four findings, the ALJ alternatively found at step five that, considering Plaintiff's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, specifically identifying the representative occupations of cashier II, production line assembler, marker, and furniture rental clerk. Tr. 1075-76.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision. Tr. 1077.

///

///

ORDER GRANTING PLAINTIFF'S MOTION . . . - 5

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) failing to find headaches and mental health impairments to be severe at step two; (2) improperly assessing the medical opinions; and (3) not properly assessing Plaintiff's testimony.

## DISCUSSION

**1. Plaintiff's subjective statements**

Plaintiff contends the ALJ erred by improperly rejecting his subjective statements. ECF No. 18 at 20-23.

It is the province of the ALJ to make determinations regarding a claimant's subjective statements. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those

symptoms were not entirely consistent with the medical evidence and other evidence. Tr. 1060. The ALJ found Plaintiff's allegations of disabling limitations to be unsupported by the objective evidence and inconsistent with other statements in the record suggesting that his condition was not as serious as alleged. Tr. 1060-67. Specifically, the ALJ pointed to evidence of "his attempt to work, his ability to engage in full-time caregiving work for his wife, his own casual use of medication, his situational stressors, his improvements in his condition over time and due to his recommended treatment" as evidence contradictory to his allegations of total disability. Tr. 1067.

Plaintiff argues none of the ALJ's rationale is supported by substantial evidence or meets the clear and convincing standard, as several of the reasons have already been deemed insufficient in prior court proceedings and the ALJ ignored the context of various facts. ECF No. 18 at 20-23. Defendant argues the ALJ reasonably considered Plaintiff's activities and that his testimony was inconsistent with the objective evidence and multiple reliable medical opinions.[1] ECF No. 19 at 4-7. The Court finds the ALJ did not offer clear and convincing reasons for discounting Plaintiff's allegations.

*a. Prior District Court remand orders*

In both of the prior civil actions, this court found error in the Commissioner's assessment of Plaintiff's subjective complaints. In 2015, the court found the Appeals Council and the ALJ erred in discounting Plaintiff's conditions as unsupported by minimal/mild objective findings and for taking only over-the-counter medications, as the Commissioner failed to provide any citations of minimal or mild findings and failed to consider evidence that explained Plaintiff's

---

[1] The Commissioner does not defend several of the reasons offered by the ALJ, including Plaintiff's work attempts, use of medications, situational stressors, and improvement over time. ECF No. 19 at 4-7.

ORDER GRANTING PLAINTIFF'S MOTION . . . - 7

1 | medication use. Tr. 665-68. In 2017, the court again found the ALJ improperly
2 | discredited Plaintiff based on his activities and a letter from his treating doctor that
3 | appeared based in empathy. Tr. 1179-84. Specifically, the court found there was no
4 | inconsistency between Plaintiff's allegations and the activities identified by the
5 | ALJ, including chores around the house, regularly exercising, and caring for his
6 | wife and son. Tr. 1179-82. Finally, the court found that the ALJ's finding that
7 | Plaintiff's allegations were not supported by the objective evidence was an
8 | insufficient reason on its own to reach the clear and convincing standard. Tr. 1177-
9 | 78.

In the most recent decision, ALJ Valente relied to some extent on the rationale that was already deemed insufficient by this court in the prior actions. Tr. 1065-66. The "law of the case" doctrine prohibits a court from considering an issue that has already been decided by that same court or a higher court in the same case, primarily in the name of efficiency. *Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016). The rule of mandate is similar to, but broader than, the law of the case doctrine. The rule provides that any "district court that has received the mandate of an appellate court cannot vary or examine that mandate for any purpose other than executing it." *Id.* at 567-68. In *Stacy*, the Ninth Circuit held that both of these appellate principles apply in the Social Security context. *Id.* at 567.

ALJ Valente's discussion recounting her prior decision (finding Plaintiff's testimony inconsistent with his caretaking duties, exercise, and over-exertion on isolated occasions), and her implication that Plaintiff's allegations were unsupported by his use of minimal medications have already been deemed insufficient by this court. The Commissioner argues the ALJ reasonably found Plaintiff's activities inconsistent with his allegations, and offers no defense of the ALJ's failure to follow the directives of this court. ECF No. 19 at 6-7. There is nothing in the updated record in the intervening years that changes the Court's analysis.

ORDER GRANTING PLAINTIFF'S MOTION . . . - 8

### b. Attempt to work

The ALJ found Plaintiff's search for part time work in 2011 was inconsistent with his allegations of total disability. Tr. 1065. The record does not contain any more evidence of Plaintiff's work activity other than the single notes that he was looking forward to getting out of the house to go to his part time job. Tr. 819. The following month, Plaintiff was not working. Tr. 815. His certified earnings record reflects no work in 2011. Tr. 773, 779, 1305, 1315. There is not substantial evidence to indicate that Plaintiff engaged in any work activity. Additionally, the ability to perform part-time work is not inconsistent with disability.

### c. Situational stressors and physical activity

The ALJ noted Plaintiff reported increased back problems related to stress from caring for his wife, and found temporary situational stressors were not a basis for finding Plaintiff disabled. Tr. 1066. The ALJ additionally found Plaintiff engaged in constant physical activity that did not support his allegations. *Id.* While Plaintiff did report flares of his back pain with added stress related to his wife's condition, he also frequently reported flares due to other factors, such as engaging in chores around the house or overexerting himself in other ways. Tr. 796, 798, 844, 855, 861, 870, 972, 983, 1007, 1018, 1487, 1629, 1633, 2292, 2359. Substantial evidence does not support the ALJ's characterization of Plaintiff's pain flares as merely related to situational stressors, and the fact that additional minimal physical activity often resulted in exacerbations of his pain indicates that the activities were beyond his capabilities. Therefore, this does not constitute a clear and convincing basis for disregarding Plaintiff's allegations.

### d. Recommended treatment and improvement

The ALJ made repeated references to the relatively conservative nature of Plaintiff's treatment, consisting of physical therapy, osteopathic manipulation, exercise, and over-the-counter medications. The ALJ also noted Plaintiff's reports of improvement or relief with treatment. Tr. 1065-67. An ALJ may consider the

ORDER GRANTING PLAINTIFF'S MOTION . . . - 9

type and effectiveness of treatments received in assessing the reliability of a claimant's statements. Social Security Ruling 16-3p. However, substantial evidence does not support the ALJ's implication that Plaintiff's testimony was undermined by the treatment received. There is nothing in the file to indicate that more aggressive treatments were warranted or discussed. Plaintiff sought out imaging and referrals to various specialists over the years, with his efforts occasionally hampered by his insurance. Tr. 876, 889, 891, 1550. Plaintiff received osteopathic manipulation treatment beginning in 2013 and received treatment one to three times per month for the next several years. Tr. 875, 952-1032, 1488-1727. He engaged in gentle stretching and exercises, including walking or riding his stationary bike for a few minutes each day. *Id.* He repeatedly reported needing to lay down throughout the day and pace his activities to avoid substantial flares of his back pain. Tr. 384-85, 431, 439, 441, 482-8, 861, 900, 1099-1101, 2292-93. Social Security Ruling 16-3p makes clear that in considering the type of treatment received, an ALJ should also consider whether an individual has structured their activities to minimize symptoms or avoid stressors, or whether their symptoms have reached a plateau and there is no other effective treatment to pursue. SSR 16-3p.

Regarding Plaintiff's reports of improvement, there is no indication that any of the treatments he received provided him with substantial sustained relief. Even when he reported temporary improvement, he continued to report pain and the need to limit his activities. Tr. 311, 796, 841, 867, 870, 874, 891, 953, 975, 1004, 1026, 1523, 1550, 1555, 1604, 2292, 2383-84. As discussed above, he experienced flares of pain that would eventually subside, but he never reported resolution of his problems. Reports of improvement must be read in context:

> It is error to reject a claimant's testimony merely because symptoms wax and wane in the course of treatment. Cycles of improvement and debilitating symptoms are a common occurrence, and in such

> circumstances it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working.

*Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014). The ALJ's citations to isolated instances of improvement of acute exacerbations, or Plaintiff's indications that treatments made him feel better, do not demonstrate an elimination of his problems or that his conditions were controlled with treatment.

*e. Objective medical records*

The ALJ's other rationale consisted of a discussion of the objective evidence, and her assessment that it was inconsistent with Plaintiff's allegations of disabling symptoms. Tr. 1061-64. An ALJ may cite inconsistencies between a claimant's testimony and the objective medical evidence in discounting the claimant's symptom statements. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009). But this cannot be the only reason provided by the ALJ. *See Lester*, 81 F.3d at 834 (the ALJ may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence). Because the rest of the ALJ's rationale does not constitute clear and convincing reasons, the lack of support from the objective record alone is insufficient.

## 2. Medical Opinion Evidence

Plaintiff asserts the ALJ improperly evaluated the medical opinion evidence by offering insufficient reasons for rejecting the opinions from multiple treating providers, and failing to fully adopt the testimony of the medical expert at the last hearing. ECF No. 18 at 7-20.

When a treating physician's opinion is contradicted by another physician, the ALJ is required to provide "specific and legitimate reasons" to reject the opinion. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995). The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough

ORDER GRANTING PLAINTIFF'S MOTION . . . - 11

summary of the facts and conflicting clinical evidence, stating her interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ is required to do more than offer her conclusions, she "must set forth [her] interpretations and explain why they, rather than the doctors', are correct." *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

An ALJ may discount the opinion of an "other source," such as a nurse practitioner, if she provides "reasons germane to each witness for doing so." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

Over the course of the relevant period for this claim, various treating providers have completed medical source statements or paperwork for DSHS or Worker's Compensation commenting on Plaintiff's conditions and limitations. Multiple providers opined that Plaintiff could perform no more than sedentary work, needed to lie down during the day, would be likely to miss several days of work per month from a full-time job, or was incapable of working a standard 40-hour week. Tr. 422-23 (Dr. Marx); 497-98 (Dr. Marx); 519 (DC Anderson); 522-23 (Dr. Marx); 897 (Dr. Marx); 1048-49 (Dr. Biscaro); 1431-33 (Dr. Lupas); 1436-38 (Dr. Cheney); 1447-49 (Dr. Lammie); 1471-73 (PA-C Anderson); 1481-83 (PA-C Anderson).

The ALJ addressed most of these opinions, assigning them little weight. Tr. 1069-72. The ALJ found all of the opinions were inconsistent with the longitudinal medical record and the providers' own treatment histories, that there was little evidence of any of the providers recommending Plaintiff recline throughout the day, that there was a lack of explanation or support for absenteeism limits, and that the opinions were unsupported by Plaintiff's own statements about his activities and his improvement with treatment. Tr. 1070-72. The ALJ offered additional specific reasons for disregarding each source individually. Tr. 1071-72.

Plaintiff argues the ALJ's rationale is not supported by substantial evidence and notes that a number of the reasons offered were already deemed insufficient in

ORDER GRANTING PLAINTIFF'S MOTION . . . - 12

the prior court proceedings. ECF No. 18 at 7-18. Defendant argues the ALJ reasonably interpreted the record in finding the opinions unsupported and unreliable, noting contradictory objective findings and opinions from other medical sources, along with Plaintiff's activities. ECF No. 19 at 7-10. The Court finds the ALJ failed to offer sufficient reasons for discounting Plaintiff's treating provider opinions.

As with the discussion above regarding Plaintiff's subjective statements, the doctrine of the law of the case applies to a number of the ALJ's reasons for discounting these opinions, such as with Dr. Marx and Ms. Anderson. *See* Tr. 1188-91, 1193-94. Similarly, the errors discussed above regarding the recommended treatment and improvements that Plaintiff experienced are repeated in the ALJ's analysis of the treating source opinions. Substantial evidence does not support the ALJ's repeated implications that the treatment Plaintiff received or the minimal relief he experienced in any way undermine the treating providers' opinions.

While an ALJ may consider a medical opinion's consistency with the record as a whole and support from the objective evidence, substantial evidence does not support the ALJ's conclusions in the present claim. Seven providers offered opinions resulting in a disabling level of impairment, with many providers making consistent recommendations regarding missed days and the need to recline throughout the day. Despite assigning great weight to the medical expert at the hearing, the ALJ failed to acknowledge his testimony that objective findings do not fully account for all of the limitations an individual experiences, and that the medical expert would "vouch for those treating physicians who have to deal with the whole patient" with respect to predicting missed days. Tr. 1127-28. Therefore, the various normal objective findings the ALJ points to throughout the decision as evidence contradictory to the treating source opinions does not rise to the level of substantial evidence for disregarding their opinions.

1	The ALJ's finding that the opinions are unsupported because the treating
2	providers did not recommend Plaintiff lay down throughout the day as part of his
3	treatment is not a valid reason to discount the opinions. Plaintiff repeatedly told his
4	providers that he had to pace himself throughout the day and lay down to relieve
5	back pain. Tr. 441, 482, 861, 898, 900, 2424. It is unreasonable to presume
6	providers would explicitly instruct Plaintiff to do what he was already doing to
7	manage his symptoms.

8	Finally, the ALJ's finding that the fact Plaintiff did not miss or cancel
9	medical appointments was inconsistent with the prediction that he would miss
10	work is unsupported. The ability to attend the occasional medical appointment for
11	the purpose of seeking treatment and relief of symptoms has no correlation to the
12	ability to maintain a 40-hour work week on a continuous basis.

13	The Court therefore finds the ALJ failed to offer legally sufficient reasons
14	for discounting Plaintiff's medical providers' opinions.

**REMEDY**

16	Plaintiff argues the decision should be reversed and remanded for the
17	payment of benefits. The Court has the discretion to remand the case for additional
18	evidence and findings or to award benefits. *Smolen v. Chater*, 80 F.3d 1273, 1292
19	(9th Cir. 1996). The Court may award benefits if the record is fully developed and
20	further administrative proceedings would serve no useful purpose. *Id*. Remand is
21	appropriate when additional administrative proceedings could remedy defects.
22	*Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the record is
23	adequate for a proper determination to be made and further development is not
24	necessary.

25	The Ninth Circuit has set forth a three part standard for determining when to
26	credit improperly discounted evidence as true: (1) the record has been fully
27	developed and further administrative proceedings would serve no purpose; (2) the
28	ALJ has failed to provide legally sufficient reasons for rejecting the evidence in

ORDER GRANTING PLAINTIFF'S MOTION . . . - 14

question; and (3) if the improperly discredited evidence were credited as true the ALJ would be required to find Plaintiff eligible for benefits. *Garrison*, 759 F.3d at 1020.

In this case, all three parts of the standard are met. The record has been fully developed in terms of available medical records, with extensive evidence spanning over twelve years. The Commissioner failed to provide legally sufficient reasons to reject multiple consistent medical opinions regarding Plaintiff's functioning, and failed to provide clear and convincing reasons for discounting Plaintiff's subjective symptom complaints, despite being given multiple opportunities to do so. Each of the improperly rejected medical opinions opined Plaintiff would be unable to maintain a regular full-time schedule or would be off-task or absent at an unemployable level. The vocational experts testified that an individual who was absent more than six times in a year, needed to recline during the day, or needed additional breaks outside of the norm would not be able to maintain competitive employment. Tr. 618, 1136-37. The Court also notes that the medical opinions and Plaintiff's testimony are consistent with each other. If any of the improperly rejected evidence were credited as true, the ALJ would be required to find Plaintiff eligible for benefits at step five of the sequential evaluation process.

Defendant argues that any errors in the evaluation of testimony should be remanded for further proceedings. ECF No. 19 at 13-14. However, Defendant identifies no specific evidence that raises "serious doubt" as to Plaintiff's disability. *Trevizo v. Berryhill*, 871 F.3d 664 (9th Cir. 2017).

Finally, the Court notes that the exceptional circumstances of this case, while not controlling, strengthen the case for an immediate calculation of benefits. This claim has been pending for over twelve years, having been previously remanded by this court twice for correction of similar errors. The errors here are precisely those the Ninth Circuit has identified as part of the justification for the credit-as-true rule:

> [I]t avoids unnecessary duplication in the administrative hearings and reduces the administrative burden caused by requiring multiple proceedings in the same case. Perhaps most important, by ensuring that credible claimants' testimony is accepted the first time around, the rule reduces the delay and uncertainty often found in this area of the law, and ensures that deserving claimants will receive benefits as soon as possible. As already noted, applicants for disability benefits often suffer from painful and debilitating conditions, as well as severe economic hardship. Delaying the payment of benefits by requiring multiple administrative proceedings that are duplicative and unnecessary only serves to cause the applicant further damage — financial, medical, and emotional. Such damage can never be remedied. Without endangering the integrity of the disability determination process, a principal goal of that process must be the speedy resolution of disability applicants' claims.

*Garrison v. Colvin*, 759 F.3d 995, 1019-20 (9th Cir. 2014).

Therefore, this Court remands the case for an immediate calculation of benefits. It is therefore unnecessary for the Court to reach Plaintiff's additional assignment of error regarding the ALJ's step two findings.

## CONCLUSION

Accordingly, **IT IS ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 18**, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 19**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for an immediate calculation of benefits.

4. An application for attorney fees may be filed by separate motion.

///
///
///

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED March 15, 2021.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE